**YING LI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–70975.**

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 16, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Hi–District Counsel, Office of the District Counsel, Honolulu, HI, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Andrew C. MacLachlan, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

Ying Li, a native and citizen of China, petitions for review of the order of the Board of Immigration Appeals summarily affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We

---

** This disposition is not appropriate for publication and is not precedent except as provid-

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, and may reverse only if the evidence compels a contrary conclusion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

■ Because the incidents that Li described did not rise to the level of persecution, substantial evidence supports the IJ's finding that Li did not suffer past persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–17 (9th Cir.2003). In addition, Li's fear of future persecution is speculative. The record does not compel the conclusion that her fear of future persecution is objectively reasonable, and substantial evidence supports the IJ's conclusion that Li failed to establish a well-founded fear of future persecution. *See Gu v. Gonzales,* 454 F.3d 1014, 1021–22 (9th Cir.2006).

Furthermore, because Li failed to meet her burden for asylum, she necessarily did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003).

■ Li waived any challenge to the denial of CAT relief by failing to raise it in her opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED.**